

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WORLDHOMECENTER.COM, INC., | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| FRANKE CONSUMER PRODUCTS, INC. | : | |
| Defendant. | : | |

## NOTICE OF REMOVAL

Defendant Franke Consumer Products, Inc. ("Franke"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of removal of this action to the United States District Court for the Southern District of New York. Pursuant to 28 U.S.C. § 1446, Defendant states as follows:

1.    On or about March 16, 2010, Plaintiff, Worldhomecenter.com, Inc. ("WHC"), commenced this action by filing a Complaint in the Supreme Court of the State of New York in New York County, New York (the "State Court Action"). True and correct copies of the Summons and Complaint are attached hereto, collectively, as Exhibit A.

2.    Defendant first received a copy of the Complaint on March 26, 2010.

3.    Under 28 U.S.C. § 1441(a), civil actions brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

4.    The Southern District of New York is the district court of the United States for the district and division embracing the place where the State Court Action is pending.

5.     Under 28 U.S.C. § 1332, this court has original jurisdiction over civil actions between citizens of different states in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.     Plaintiff is a corporation formed in the State of New York with its main office located at 470 Seventh Avenue, New York, NY. *See* Complaint at ¶ 4.

7.     Defendant is a Delaware corporation with its main offices located at 3050 Campus Drive, Suite 500, Hatfield, PA. *See* Complaint at ¶ 5.

8.     Plaintiff has alleged that the total amount at issue exceeds One Million Dollars. *See* Complaint at ¶ 61(a).

9.     Accordingly, the State Court Action is properly removable to this Court under 28 U.S.C. §§ 1441(a).

10.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached, collectively, as Exhibit A.

11.    This Notice of Removal is timely because it is filed within thirty (30) days after Franke first received the initial pleading setting forth the claim for relief upon which such action is based as prescribed by 28 U.S.C. § 1446(b).

12.    Written notice of the filing of this Notice of Removal is being made upon Plaintiff, and a copy of this Notice of Removal is being filed with the clerk of the Supreme Court of the State of New York, New York County, in the State Court Action in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant hereby gives notice that the State Court Action has been removed to the United States District Court for the Southern District of New York, and respectfully requests that this Court accept jurisdiction thereof.

Respectfully submitted,

_____
Samuel J. Abate, Jr. (SJA 0915)
PEPPER HAMILTON LLP
The New York Times Building
620 Eighth Avenue
37th Floor
New York, NY 10018
(212) 808-2700

and

Dated:  April 15, 2010

Barbara T. Sicalides
Barak A. Bassman
T. Joel Zuercher
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

*Attorneys for Defendant,*
*Franke Consumer Products, Inc.*

## CERTIFICATE OF SERVICE

I, Samuel J. Abate, Jr., hereby certify that on April 15, 2010, a true and correct copy of the foregoing Notice of Removal was served via U.S. mail upon the following:

Lawrence R. Lonergan, Esq.
WOODS & LONERGAN, LLP
292 Madison Avenue, 22nd Floor
New York, NY 10017
*Attorney for Plaintiff Worldhomecenter.com, Inc.*

_____
Samuel J. Abate, Jr.

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X
WORLDHOMECENTER.COM, INC.,

                      Plaintiff,

   -against-

FRANKE CONSUMER PRODUCTS, INC.

                     Defendant.

----------------------------------------------------------------X

Index No. _____ **6 0 0 6 6 1**  **1 0**

Date Purchased _____  **MAR 1 6 2010**

**SUMMONS**

Basis for Venue:
**Plaintiff's Business -
470 Seventh Avenue
New York, NY 10007**

To the above-named defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty [30] days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 9, 2010
      New York, New York

                    **WOODS & LONERGAN, LLP**
                    **Attorneys for Plaintiff**

                    **Lawrence R. Lonergan, Esq.**
                    **292 Madison Avenue, 22nd Floor**
                    **New York, NY 10017**
                    **(212) 684-2500**

**TO:   FRANKE CONSUMER PRODUCTS, INC.
       3050 Campus Drive, Suite 500
       Hatfield, Pennsylvania 19440**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

WORLDHOMECENTER.COM, INC.,

                **Plaintiff,**

   - against-

FRANKE CONSUMER PRODUCTS, INC.,

              **Defendant.**

-------------------------------------------------------------------X

**VERIFIED
COMPLAINT**

6 0 0 6 6 1   1 0

Index No. _____

MAR 1 6 2010

Plaintiff Worldhomecenter.com, by its undersigned attorney, for its Complaint, alleges as follows based upon personal knowledge as to its own acts and actions and upon information and belief as to all other matters:

## PRELIMINARY STATEMENT

1.    Plaintiff Worldhomecenter.com, Inc. (WHC or Plaintiff) seeks damages sustained as a result of the past and ongoing violations by Defendant FRANKE CONSUMER PRODUCTS, INC. (Franke or Defendant) of New York General Business Law (NYGBL) §§ 340 et seq. (the Donnelly Act), 349, 369-a and 369-b and related causes of action in an amount to be proven at trial, but believed to be in excess of One Million ($1,000,000.00) Dollars.

## JURISDICTION

2.    Personal jurisdiction herein over Defendant is derived by virtue of New York's long-arm statute, as codified in New York Civil Procedure Law and Rules §302

(a) and (b), in that (i) Defendant has transacted business in New York, (ii) Defendant regularly does or solicits business in New York and (iii) Defendant's alleged tortious conduct occurred in New York.

## VENUE

3.    Venue is proper in this county because of the principal place of business of Plaintiff, because Defendant does a substantial amount of business in the State of New York, and because a substantial part of the events or omissions giving rise to the claims herein occurred in New York County.

## PARTIES

4.    Plaintiff is a corporation formed in the State of New York with its main office located at 470 Seventh Avenue, New York, New York.

5.    Upon information and belief, Defendant is a Delaware corporation with main offices located at 3050 Campus Drive, Suite 500, Hatfield, Pennsylvania.

## STATEMENT OF FACTS

**A.**    **Background**

6.    WHC is an online retailer of home improvement products, selling to and servicing customers through its web sites, known as "HomeCenter.com" and "Supplyhouse.com" and by telephone.

2

7.      Defendant manufactures and sells sinks, faucets, plumbing accessories and kitchen accessories to its exclusive distributors and directly to consumers online via its website, *www.frankeconsumerproducts.com.*

8.      WHC has, in the past, frequently purchased Defendant's products directly from Defendant, from Defendant's exclusive distributors and from independent distributors for online resale to WHC's customers. Because of the relatively low overhead and maintenance associated with on-line retailing, and because WHC purchases a high volume of products from distributors, WHC is able to sell genuine Franke products to consumers at sharp discounts compared to identical products offered for sale by traditional display room retailers.

9.      WHC makes no alterations to Franke products or packaging. WHC provides customer service and assistance to purchasers of all Franke products it sells. WHC employs industry professionals with technical proficiency and can communicate with customers who experience problems with Defendant's products.

10.      WHC's sales force undergoes rigorous training, and is provided with the technical information necessary to properly and confidently sell Defendant's products. WHC's technical support staff is similarly trained and provided with information necessary to properly and confidently service and administer Defendant's products.

11.      WHC takes strident measures to ensure the proper handling and care of all products it sells, including Defendant's merchandise, to avoid mishandling. These measures include training sales and customer service representatives as to plumbing and lighting industry terms, common questions, and common product features. For instance, WHC's representatives learn through internal training classes which items require pairing

3

with other necessary items. WHC's representatives regularly consult with industry veterans working at HomeCenter.com who have extensive experience in plumbing showroom sales.

12.     WHC provides its customers with complete product information, the best products, easy navigation, secure transactions, low pricing, a competitive return policy, and available free home delivery.   WHC is entrusted to resell home improvement products of such nationally known manufacturers such as Elkay, an industry leader.

**B.     Franke's Illegal Pricing Policies**

13.     Plaintiff has resold genuine Franke goods over the Internet for several years with Franke's guidance and support. However, in late 2007, Defendant initiated a so-called Unilateral Suggested Minimum Advertised Price (USMAP) policy. Defendant required that Plaintiff sign a contract in March 2009 (the USMAP contract) compelling Plaintiff to abide the USMAP policy.

14.     In keeping with its USMAP policy, Defendant has refused to ship and fill orders submitted by Plaintiff, or to deal directly with Plaintiff, unless and until Plaintiff complies with Defendant's USMAP policy. Defendant has further demanded that its suppliers and distributors also refrain from selling Defendant's products to Plaintiff.

15.     Defendant's refusal to fill Plaintiff's orders, as well as its instructions to its suppliers and distributors to cease selling Defendant's products to Plaintiff, was based upon Plaintiff's refusal to agree to sell Defendant's products at a fixed price.

16.     Defendant's USMAP policy sets minimum resale prices and constitutes vertical price fixing pursuant to New York GBL §369-a, which provides as follows:

4

§ 369-a. Price-fixing prohibited. Any contract provision that purports to restrain a vendee of a commodity from reselling such commodity at less than the price stipulated by the vendor or producer shall not be enforceable or actionable at law.

17.    The sections of the USMAP Contract concerning Defendant's USMAP policy constitute contract provisions that purport to, and do, restrain Plaintiff ( a vendee) from reselling Defendant's merchandise ("subjects of commerce," or "commodities," as defined in NYGBL § 369-c) at less than the price point set by Defendant. As such, the USMAP Policy and Contract are unenforceable and illegal as a matter of law.

18.    Plaintiff has sustained lasting damages as a result of Defendant's implementation and enforcement of the USMAP policy. Plaintiff has lost substantial profits by being unlawfully denied the right to purchase and resell Defendant goods at any price the market will bear.

19.    Plaintiff has further incurred damages to its good will and market share as a direct result of Defendant's illegal policies.

20.    By propagating an illegal price-fixing policy, Defendant is liable for injunctive relief and contempt sanctions under New York Judiciary Law §751(4). In addition, the USMAP policy is deceptive, and supports relief under NYGBL §349-50.

21.    Defendant's violation of NYGBL § 369-a further constitutes a "bad act" that is anticompetitive in purpose or effect, and supports a cause of action for monopolization or attempt to monopolize under the Donnelly Act.

22.    Plaintiff's violation of NYGBL § 369-a further demonstrates an effort to police or to secure agreements on prices or price levels in violation of the Donnelly Act.

23.     Further, because Defendant also sells its own price-fixed goods on the Internet through its website, Defendant is a retail competitor benefiting from the illegal conspiracy and cartel established between and among Defendant and its exclusive distributors.

## C.    Defendant's Illegal Warranty Disclaimer

24.     Defendant has indicated on its website (*frankeksd.com*) that it will not honor warranties on Defendant's products sold by Homecenter.com and other Internet vendors. This policy, which has been communicated to Plaintiff, other retailers and Plaintiff's prospective customers, is in direct violation of New York State law.

25.     Pursuant to NYGBL §369-b ("Manufacturer's warranty and guarantee"), a warranty or guarantee of merchandise may not be limited by a manufacturer doing business in New York State solely for the reason that such merchandise is sold by a particular dealer or dealers.  It is unlawful for a manufacturer to deny a warranty to an end user simply because merchandise was sold by a disfavored reseller. Violations of NYGBL §369-b also run counter to New York State antitrust law (NYGBL §340).

26.     NYGBL § 369-b applies to any manufacturer doing business in New York State. Given the purpose of the section, this may properly be broadly construed and may apply to regular sales efforts by a manufacturer with showrooms in New York State.  As such, Defendant is clearly subject to the statute and in violation thereof.

27.     By refusing to honor warranties, Defendant is liable for injunctive relief and contempt sanctions under New York Judiciary Law §751(4).  In addition, refusal to

honor warranties contrary to NYGBL 369-b on the improper ground that the warranties do not apply is deceptive, and supports relief under NYGBL §349-50.

28.     Defendant's violation of NYGBL § 369-b further constitutes a "bad act" that is anticompetitive in purpose or effect, and supports a cause of action for monopolization or attempt to monopolize under the Donnelly Act.

29.     Plaintiff's violation of NYGBL §369-b further demonstrates an effort to police or to secure agreements on prices or price levels in violation of the Donnelly Act.

## FIRST CAUSE OF ACTION
### (Violation of NYGBL § 349)

30.     Plaintiff reiterates and repeats the allegations set forth in paragraphs 1 through 29 as though fully stated hereafter.

31.     Defendant's USMAP policy (and related contracts) and warranty disclaimer policy constitute false and deceptive trade practices, in violation of General Business Law §349.

32.     Plaintiff is an injured party as contemplated by General Business Law §349.

33.     Defendant's false and deceptive acts unfairly discourage and dissuade consumers from purchasing merchandise from Plaintiff, and unlawfully penalize Plaintiff's customers who purchase Defendant products, causing Plaintiff loss of profits, loss of established business dealings and prospective business opportunities, and damage to reputation.

34.     As a result of the actions of Defendant, Plaintiff has suffered injury, including without limitation loss of existing business, business interference, damage to

7

reputation and substantial legal fees, and has sustained damages in an amount to be proven at trial, but in no event less than One Million Dollars ($1,000,000.00), trebled according to statute.

## SECOND CAUSE OF ACTION
### (Violation of NYGBL § 340
### for Compensatory and Injunctive Relief)

35.     Plaintiff reiterates and repeats the allegations set forth in paragraphs 1 through 34 as though fully stated hereafter.

36.     Defendant unlawfully furthers its illegal policies through the following conduct:

(a)     Defendant has obtained agreements from dealers to maintain the minimum resale price as a condition for receiving Defendant products from Defendant;

(b)     Defendant refuses to deal with retailers who do not submit to Defendant's unlawful demands, including participation in a mandatory tiered pricing structure for the resale of Defendant products;

(c)     Defendant instructs its authorized resellers from selling Defendant's products to unauthorized resellers; and

(d)     Defendant refuses to honor warranties for its genuine items purchased by the general public in good faith.

37.     By unlawfully denying warranty service to purchasers of Defendant products from unauthorized resellers, and by vertically restraining the price for its products in the marketplace, Defendant has restrained trade in violation of General Business Law §340. Defendant's conduct constitutes a resale price maintenance scheme that is unlawful.

8

38.     The actions of Defendant set forth above constitute contracts, agreements, arrangements or combinations whereby competition or the free exercise of activity in the conduct of the business or trade of Plaintiff is restrained. Such contracts, agreements, arrangements or combinations restrain competition, in violation of General Business Law §340.

39.     Such contracts, agreements, arrangements or combinations will continue unless preliminarily and permanently enjoined and restrained by this Court.

40.     Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (Declaratory Relief)

41.     Plaintiff reiterates and repeats the allegations set forth in paragraphs 1 through 40 as though fully stated hereafter.

42.     Defendant's USMAP policy has the effect of restraining the price by which Internet resellers such as Plaintiff may resell Defendant's products.

43.     As such, Defendant's restriction on resale prices as implemented in its USMAP policy, as well as the purported contract signed by Defendant and Plaintiff, violate New York General Business Law §369-a and should be declared void and unenforceable.

44.     Defendant's policy of refusing to honor warranties for its products that are sold over the Internet constitutes a violation of New York General Business Law §369-b, and should be declared void and unenforceable.

45.     Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (Violation of New York
### Judiciary Law §751[4])

46.     Plaintiff reiterates and repeats the allegations set forth in paragraphs 1 through 45 as though fully stated hereafter.

47.     By unlawfully denying warranty service to purchasers of Defendant products from unauthorized resellers, and by vertically restraining the price for its products in the marketplace, Plaintiff is liable for injunctive relief and contempt sanctions under New York Judiciary Law § 751(4).

48.     Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### (Horizontal Price Maintenance)

49.     Plaintiff reiterates and repeats the allegations set forth in paragraphs 1 through 48 as though fully stated hereafter.

50.     The actions of Defendant set forth above constitute contracts, agreements, arrangements or combinations whereby competition or the free exercise of activity in the conduct of the business or trade of Plaintiff is restrained. Such contracts, agreements, arrangements or combinations restrain competition, in violation of General Business Law §340.

51.     Such contracts, agreements, arrangements or combinations are between and among actual competitors, including Defendant, which offers its own products for retail sale on its website.

52.    The purpose and effect of such contracts, agreements, arrangements or combinations is to raise, depress, fix, peg or stabilize the price of Defendant's products in interstate and foreign commerce, in violation of the Donnelly Act.

53.    As a result of the actions of Defendant, Plaintiff has sustained damages in an amount substantially in excess of $1,000,000.00.

## SIXTH CLAIM FOR RELIEF
### (Tortious Interference)

55.    Plaintiff reiterates and repeats the allegations set forth in paragraphs 1 through 54 as though fully stated hereafter.

56.    Defendant's predatory acts described above constitute wrongful interference with the contractual relations between and among Plaintiff and its customers and vendors.

57.    Defendant's predatory acts have caused and continue to cause Plaintiff irreparable harm and great financial loss.

58.    As a result of the actions of Defendant, Plaintiff has sustained damages in an amount substantially in excess of $1,000,000.00.

## SEVENTH CLAIM FOR RELIEF
### (Injunctive Relief)

59.    Plaintiff reiterates and repeats the allegations set forth in paragraphs 1 through 58 as though fully stated hereafter.

60.    Upon the aforementioned facts, Plaintiff is entitled to a provisional remedy in the form of a preliminary injunction enjoining and restraining Defendant from

(a) implementing and enforcing its USMAP policy and (b) denying warranties to any purchasers of its products from any distribution source.

61.     Plaintiff has no adequate remedy of law.


WHEREFORE, Plaintiff prays for judgment:

(a)     on the First, Fifth and Sixth Claims for Relief, awarding Plaintiff damages in an amount to be proven at trial, but in no event less than One Million Dollars ($100,000.00), trebled according to statute;

(b)     on the Second and Third Claims for Relief, injunctive relief in the form of an order enjoining and restraining Defendant from implementing or enforcing its USMAP and warranty disclaimer policies, and issuing contempt sanctions as appropriate;

(c)     on the Fourth Cause of Action, a judgment declaring Defendant's USMAP and warranty disclaimer policies void and unenforceable as a matter of law;

(d)     on the Seventh Cause of Action, a preliminary injunction enjoining and restraining Defendant from (a) implementing and enforcing its USMAP policy and (b) denying warranties to any purchasers of its products from any distribution source; and

(e)     awarding Plaintiff such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
       March 9, 2010


                              WOODS & LONERGAN, LLP
                              Attorneys for Plaintiff


                              Lawrence R. Lonergan, Esq. [LL-4744]
                              292 Madison Avenue, 22nd Floor
                              New York, New York 10017
                              (212) 366-6950

TO:   FRANKE CONSUMER PRODUCTS, INC.
      3050 Campus Drive, Suite 500
      Hatfield, Pennsylvania 19440

## VERIFICATION

STATE OF NEW YORK    )
                     **ss.:**

COUNTY OF NEW YORK)

      BRIAN OKIN, being duly sworn, deposes and says:

      I am the principal officer of Worldhomecenter.com, Inc., the plaintiff in this action, and am fully familiar with the facts and circumstances of this action. I have read the Verified Complaint herein and know the contents thereof to be true and complete to the best of my knowledge, except those facts stated upon in formation and belief, and, as to the facts, I believe such allegations to be true.

                                                  **BRIAN OKIN**

Sworn to before me this 9th
day of March, 2010

Notary Public

LAWRENCE R. LONERGAN
Notary Public, State of New York
No. 02LO6069601
Qualified in New York County
Commission Expires Feb. 11, 20 14

14

Index No.: **600661  10**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

**WORLDHOMECENTER.COM, INC.,**

                **Plaintiff,**

    **-against-**

**FRANKE CONSUMER PRODUCTS, INC.**

                **Defendant.**

**SUMMONS & COMPLAINT**

## WOODS & LONERGAN LLP

*Attorneys for Plaintiff*

292 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 684-2500